# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

COLLEEN M. ESSAOUAB,

        Plaintiff,

-vs-                                    **Case No. 6:05-cv-886-Orl-22JGG**

REEDY CREEK IMPROVEMENT
DISTRICT,

        Defendant.

---

## REPORT AND RECOMMENDATION

### TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANT REEDY CREEK IMPROVEMENT DISTRICT'S MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION (Doc. No. 11)** |
| **FILED:** | **July 25, 2005** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED.**

Defendant Reedy Creek Improvement District ("RCID") moves to compel arbitration of the claims contained in Plaintiff Colleen M. Essaouab's complaint, and to stay proceedings pending the arbitration. RCID's motion is based on an arbitration clause contained in a previously executed settlement agreement ("the Agreement") that the parties would submit any subsequent disputes to binding arbitration. Essaouab opposes the motion, claiming that RCID breached its obligations under the Agreement and, therefore, the arbitration clause is unenforceable.

## I.     The Law

RCID's motion is based on the Federal Arbitration Act, 9 U.S.C. § 1, *et. seq.*, (FAA), or alternately, the Florida Arbitration Code, § 682.01, *et. seq.*   Under both the FAA and Florida's Arbitration Code, the district court must grant a motion to compel arbitration if it is satisfied that the parties actually agreed to arbitrate the dispute. *John B. Goodman Ltd. P'ship v. THF Constr., Inc.,* 321 F.3d 1094, 1095, 1097 (11th Cir. 2003).  As made clear by the Supreme Court in *Prima Paint Corp. v. Flood Conklin Manuf. Co.,* 388 U.S. 395, 402-404 (1967), arbitration clauses are separable from the contracts in which they are included.  This means that when there is a challenge to the validity of the contract itself, as opposed to the validity of the arbitration clause, the arbitrator decides the dispute. *See id.* (a claim of fraudulent inducement of the contract generally is a matter to be resolved by the arbitrator, whereas a claim that the arbitration clause itself was fraudulently induced would be for the court to decide).  Thus, any challenge to the performance of a contract, as opposed to the existence of an agreement to arbitrate, is an issue for an arbitrator to decide. *THF Constr.,* 321 F.3d at 1096.

The separability doctrine was further explained by the United States Court of Appeals for the Eleventh Circuit in *Chastain v. Robinson-Humphrey Co.,* 957 F.2d 851 (11th Cir. 1992).  In *Chastain,* the court held that "under normal circumstances," when there is an arbitration clause in a signed contract, "the parties have at least presumptively agreed to arbitrate any disputes, including the disputes about the contract in general." *Id.* at 854.   All doubts regarding the scope of an arbitration agreement, as well as any questions about waiver, should be construed in favor of arbitration rather than against it. *Qubty v. Nagda,* 817 So.2d 952, 956 (Fla. Dist. Ct. App. 2002.)

## II.    Analysis

Both parties signed an agreement to settle an unrelated dispute, and each side made promises to the other to resolve the dispute.  The parties included in the Agreement an arbitration clause, which states in relevant part:

> Any dispute of any nature whatsoever (other than a dispute relating to violations of the confidentiality, or non-disclosure, or privileged information provisions of this Agreement) between Essaouab and RCID which arises on or after the date of the execution of this Settlement Agreement must be submitted to final and binding arbitration. . . .

Essaouab does not dispute that she signed the Agreement.  Nor does she allege that the claims asserted in the lawsuit fall outside the scope of the arbitration clause.  The Court finds that the parties agreed to arbitrate the claims raised by Essaouab's lawsuit.

Essaouab's only argument is based on the allegation that RCID did not suspend a supervisor as it promised and, therefore, RCID has breached the Agreement.  Because RCID breached the Agreement, Essaouab claims the arbitration clause is unenforceable.  Whether RCID breached the Agreement and whether the breach renders the arbitration clause unenforceable, however, is for the arbitrator to decide.

**THEREFORE, IT IS RECOMMENDED:**

1.    The motion to stay proceedings and compel arbitration be granted; and

2.    The case be stayed pending the outcome of the arbitrator's decision.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October ___18___, 2005.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Anne C. Conway
Counsel of Record
Courtroom Deputy